IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WRI PROPERTY MANAGEMENT,
LLC, as agent of RCM SFR
HOLDINGS, LLC,

                Plaintiff,

v.                                      1:15-cv-1226-WSD

LORNA THOMAS,

                Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Lorna Thomas's ("Defendant") "Notice of Removal and Federal Stay of Eviction" ("Notice of Removal") [1].

### I.   BACKGROUND

On March 19, 2015, Plaintiff WRI Property Management, LLC, as agent of RCM SFR Holdings, LLC ("Plaintiff"), initiated a dispossessory proceeding (the "Complaint") against Defendant in the Magistrate Court of DeKalb County, Georgia.[1]  The Complaint seeks possession of real property currently held by Defendant following a foreclosure sale of the property.

On April 17, 2015, Defendant, proceeding *pro se*, removed the DeKalb County Action to this Court by filing her Notice of Removal.  Defendant claims in

---

[1]   No. 15D-042292.

her Notice of Removal that Plaintiff violated the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220 et seq. ("PTFA") and the Due Process Clause of the Fourteenth Amendment.  (Notice of Removal at 1-2).

The Court first considers whether it has subject matter jurisdiction over this action.

## II.   DISCUSSION

### A.   Subject Matter Jurisdiction

The Eleventh Circuit has consistently held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."  Id.

Congress has provided that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."  28 U.S.C. § 1441(a).  Removal in this case appears to be based on federal-question jurisdiction, which extends to "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Thus, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction.  Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

Plaintiff's Complaint is a dispossessory proceeding against Defendant based solely on state law.  See  O.C.G.A. § 44-7-50; see also Steed v. Fed. Nat'l Mortg. Corp., 689 S.E.2d 843 (Ga. Ct. App. 2009) (when former owner of real property remain in possession after foreclosure sale, she becomes "tenant at sufferance," and thus landlord-tenant relationship exists and dispossessory procedure in O.C.G.A. § 44-7-50 applies).  No federal question is presented on the face of Plaintiff's Complaint.  That Defendant asserts defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  Removal is not proper based on federal question jurisdiction.

Although not alleged in her Notice of Removal, because of Defendant's *pro se* status, the Court also considers whether it has subject-matter jurisdiction based

on diversity of citizenship.  Diversity jurisdiction exists over suits between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  Even if diversity does exist,[2] Defendant fails to show that the amount in controversy exceeds $75,000.  The Court must look only to Plaintiff's claim to determine if the amount-in-controversy requirement is satisfied.  See, e.g., Novastar Mortg. Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 585 (11th Cir. 2002).  "[A] claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for the purposes of determining the amount in controversy."  Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").  The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship.

---

[2] The Court notes that Defendant does not allege Plaintiff's citizenship.

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to the Magistrate Court of DeKalb County, Georgia.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[3,4]

---

[3]   Even if subject matter jurisdiction existed, the Court cannot provide Defendant the relief she seeks—a stay of state court eviction proceedings—because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C.§ 2283, from enjoining a state court eviction proceeding.  To the extent Defendant seeks to have the Court find that a completed dispossessory proceeding was wrongful and overturn a writ of possession issued by a state court, the Court lacks jurisdiction under the Rooker-Feldman doctrine to do so.  Doe v. Fla. Bar, 630 F.3d 1336, 1341 (11th Cir. 2011) (Federal district courts "generally lack jurisdiction to review a final state court decision.") (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) & Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)).

[4]   To the extent Defendant asserts that "the Magistrate Court [of DeKalb County] has no legal authority to exercise jurisdiction over the parties in this dispossessory case" (see  [1.1]), O.C.G.A. § 15-10-2(6) provides that "[e]ach magistrate court and each magistrate thereof shall have jurisdiction and power over . . . [t]he issuance of summons, trial of issues, and issuance of writs and judgments in dispossessory proceedings. . . ."

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

**SO ORDERED** this 10th day of June, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE